SHAFFY MOEEL, ESQ.
Cal State SBN 238732
MOEEL LAW OFFICE
1611 Telegraph Ave, Suite 806
Oakland, California 94612
Telephone: (415) 735-5021
Email:     shaffymoeel@gmail.com

BOERSCH & ILLOVSKY LLP
Matthew C. Dirkes (State Bar No. 255215)
matt@boersch-illovsky.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

*Attorneys for Defendant*
ANGEL DAVID CENTENO

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ANGEL DAVID CENTENO, <br><br> Defendant. | NO. 19CR0681-CRB <br><br> DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE <br><br> Hearing Date: August 11, 2020 <br> Time:            1:30 p.m. |

1

**I.    REQUESTED SENTENCE**

Angel Centeno has been in custody on this case since August 6, 2019. He requests a sentence of time served and the statutory minimum term of 4 years of supervised release to follow.

**II.    ANGEL'S PERSONAL HISTORY**

Angel was raised in Tegucigalpa, Honduras by his developmentally-disabled mother, Marlen, and his maternal grandparents, Angela and Elias. His grandparents are both in their 70s. Because of her cognitive disability, Angel's mother Marlen was raised along with Angel and he thinks of her more as a sister than a mother. Angela and Elias did their best for Angel with the modest means that they had. Angel attended school until he was 15 years old. By that time, Angel's family's financial need led him to try and find work to support them. But work was scarce to come by in Tegucigalpa and so Angel embarked north, on foot, to the United States in search of work and some modicum of financial stability. When he left Honduras, he was 17, an age when those lucky enough to have been born here enjoy (or not) their last years of high school.

Upon arrival in the United States, Angel was detained as an unaccompanied minor by immigration authorities. He was released and allowed to live with a distant aunt in Los Angeles. He missed a court date and was ordered removed *in absentia*. Although he came here looking for legitimate work to send money back home to his family, he learned shortly after his arrival that his girlfriend, who remained in Honduras, was pregnant with their first child, Liham. Liham was born in April 2016 and is now four years old. Angel has daily contact with his son, but only through the phone.

News of Liham's imminent arrival into this world sent Angel into a tailspin. Now, he was not only meant to provide for his aging grandparents and unemployable mother, but his son as well. This sense of financial desperation and the poor judgment that sometimes follows an 18 year-old boy led him to follow acquaintances from his home town to the Bay Area and sell drugs on the street corners of the Tenderloin.

///

///

**III.     ANGEL WAS A COURIER**

In this case, Angel was never more than a drug courier. He never had any proprietary interest in the drugs that he brought to others. He never knew the source of the drugs. He worked for another person who gave him direction at every turn. He had no power to set the price of the drugs or the amount that any particular person could or would receive. He was told to bring the drugs from point A to point B. He didn't even own a car, and was instead loaned to use only for this distinct purpose. The car was not registered to him. Angel also was given a phone to use by the person he worked for. After he couriered the drugs for that person, he returned any money he received for the drugs to his boss. For this, he was paid a daily fee of approximately $100-150. Other than his rent and food expenses, the remainder of his earnings were sent back home to Honduras to help his grandparents, his mom, his girlfriend, and their son.

**IV.     A YEAR IN CUSTODY HAS PROFOUNDLY IMPACTED ANGEL**

Angel strongly regrets getting on the wrong side of the law and dealing in drugs. This last year that he has been in custody has deeply impacted him. He never wants to be incarcerated again. The pandemic has exacerbated his time in custody by causing fear and panic—if he gets the virus, will he survive it or die before he has a chance to meet his son? When you're young, you think you will live forever. But a year of lockdown during a pandemic can mature you very quickly. That's what has happened to Angel. This change in perspective coupled with the certainty of his imminent deportation back to a home country ravaged with problems but full of people he loves indicate a strong unlikelihood that Angel will recidivate and reappear before this, or any, Court. *See*, *e.g*., *United States v. Edwards*, 595 F.3d 1004, 1016 (9th Cir. 2010) (fact of a felony conviction can be sufficient to deter future criminal conduct); *United States v. Smith*, 683 F.2d 1236, 1240 (9th Cir. 1982) ("stigma of a felony conviction is permanent and pervasive").

**V. ANGEL'S FAMILY STILL LOVES AND SUPPORTS HIM**

Angel is deeply ashamed of having resorted to the drug trade to make money for his family. His family has accepted his apology and they continue to love and support him. They look forward

to his return home to Tegucigalpa. Dayana, his girlfriend and mother of his son, wrote to the Court on Angel's behalf:

> Referring to Angel David's case, let me say that He is a very humble charitable friendly man and above all kind with a noble heart, sometimes we think about one moment and not about what could happen in the future taking into account that he has gone through many things in his family since his mother has problems she is like a girl who is always very concerned about him since he is in jail her emotional state keeps changing and my son is always asking about him and I can't find an answer to tell him son your father is in jail. Taking into account that he doesn't know him but it is a love that he as father created in the Child, and that both he and I need him suddenly everything is in your hands Angel for me has been the Best father and I think the best son in spite of his mother being how she is he has never had anything against her, and it would be wonderful for all of us who love him to see him again we would be very grateful to you in advance I would like to thank you very much in my support of him God Bless all of you.

Ex. A.

His aunt, Etelinda, wrote of Angel:

> I hope you are all of good health and near your family members because family is something very special in life And Angel David has been a very special boy who has behaved very well as you know many boys in our Town travel to the United States due to the situation our poor country is in and the American dream leads them to make mistakes but they do these things there but here they don't do things like that here poverty leads them to make mistakes he has a son here in Honduras who doesn't know him don't you think that it would be quite lovely that he could come meet his son we live a poor life here Thanks to God we do not lack for our daily bread and God's mercy is large. I am sick with cancer and he would help me buy medicine and get treatment I ask you please to help him Thank you very much.

*Id.*

Finally, his grandmother Angela writes:

> I am Angel David's grandmother and mother because here at our house we watched him grow up because his mother has a mental disability and many other things, what I want to say to you is that Angel is a humble and calm boy he is a son and a grandson at the same time I hope you will please help my boy Angelito. We are a very large family and we live a very poor life we are sick and elderly we do not work and we live off the help he has given us hoping that you understand Thank you.

*Id.*

4

### V. A SENTENCE OF TIME SERVE WOULD REFLECT THE SERIOUSNESS OF THE OFFENSE AND PROMOTE RESPECT FOR THE LAW

There is no question that drug trafficking, regardless of the specific drug at issue, is a serious crime that harms society and must be punished. At the same time, the Supreme Court has warned "a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing." *Gall v. United States*, 552 U.S. 38, 54 (2007) (quotations omitted).

A sentence of time served (one year of custody) in this case and four years of supervised release is a sentence that takes into account the real conduct and circumstances here. Angel is a first-time federal offender and the crime of conviction involved no violence. In many respects, Angel would represent the class of federal inmates that the Attorney General and the Bureau of Prisons would like to see released during the pandemic to alleviate chronic overcrowding and provide for the health and safety of staff and inmates who cannot safely be released.[1]

One straight year of custody is a significant punishment for a young man. But it also recognizes both the equities in Angel's favor and the hopefulness of his future. It would help offer him an opportunity to turn his life around. The requested sentence will allow him to return to Honduras and support his family there. If he decides to illegally return to the United States, he will face the additional potential consequence of being charged with illegal reentry after deportation. That offense, given the instant conviction for drug-trafficking, would expose Angel to five or six years of imprisonment. He also will face additional custodial time for violating supervised release should he reenter the country illegally within the four-year period. Angel understands all of this. These are strong deterrents that will ensure his compliance with the law.

---

[1] *See*, *e.g.*, directives issued by Attorney General Bill Barr in late March and early April instructing BOP to "prioritize the use of [it's] various statutory authorities to grant home confinement for inmates . . . in connection with the ongoing COVID-19 pandemic." Available at https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf and https://www.politico.com/f/?id=00000171-4255-d6b1-a3f1-c6d51b810000 (last visited June 7, 2020)

Angel Centeno was a target of a drug-trafficking organization that used him for his youth, his financial desperation, and his lack of guidance. Drug-trafficking organizations are notorious for finding the most vulnerable people with great financial need to carry out their bidding, sometimes with a carrot, often with a stick or some combination of both. A young man and new father with no means, from a politically and socio-economically unstable country that provides no social safety net, is the exact type of person with great financial need that drug traffickers manipulate. The payment is miniscule given the risk. For a variety of reasons, most of which are socio-economic, the Court will not see middle-class drug couriers. It is almost always the poor, and often the working poor, and even more so the working poor parent who will come before the Court and be held to account for weight in drugs in which they have absolutely no ownership stake.

The government always argues, as it will likely here, that couriers play a key role in drug distribution. That's not a controversial statement. But it's equally uncontroversial to say that couriers such as Angel are among the lowest rung of any drug trafficking operation. They are the lowest possible hanging fruit. They take the greatest risk and reap the least reward. They are taken advantage of first by powerful drug trafficking organizations, and then, because they are the easiest to catch and hold accountable for the global failure of the war on drugs, they are hammered by a sentencing scheme driven by weight and quantity of drugs in which they have no proprietary interest.

## VI. THE REQUESTED SENTENCE WILL AVOID UNWARRANTED SENTENCING DISPARITIES

A sentence of time served would be consistent with sentences imposed on other similarly-situated defendants in the Tenderloin drug cases pending before this Court.

| 19cr0381 | Sentence |
|---|---|
| Kevin Arteaga-Morales | 8 months 14 days |
| Jose Franklin Rodriguez Garcia | 12 months and 1 day |
| Christian Rodriguez Valle | 9 months 7 days |
| Brayan Martinez | 8 months 23 days |

| | |
|---|---|
| Eric Montoya Marquez | 3 years Probation (served 10 months 18 days) |
| Allan Josue Funez Osorto | 15 months |
| Arnold David Rodriguez | Arraignment set for 7/29 |
| Karol Reanos | Pre-trial release on June 25, 2020 |

| 19cr0367 (Related Case) | Sentence |
|---|---|
| Julio Cesar Viera-Chirinos | 4 months 18 days |
| Gustavo Adolfo Gamez-Velasquez | 7 months 11 days |
| Rodulio Alexo Garcia | 1 month 18 days |
| Elvin Mejia-Padilla | 7 months |
| Yordi Yavier Agurcia Galindo | 6 months 4 days |
| Rudis Valladeres-Caceres | 7 months 3 days |

### VII.   CONCLUSION

Given Angel's personal history and all of the other factors in this case, a sentence of time served (one year in custody), followed by four years of supervised release, would be sufficient and not greater than necessary.

Dated: August 4, 2020                                      Respectfully submitted,

                                                           */s/ Shaffy Moeel*
                                                           SHAFFY MOEEL
                                                           Attorney for Angel David Centeno

                                                           */s/ Matthew C. Dirkes*
                                                           MATTHEW C. DIRKES
                                                           Attorney for Angel David Centeno